1  Celia McGuinness (SBN 159420)
   Deborah Gettleman (SBN 267309)
2  McGUINNESS LAW GROUP, PC
   155 Grand Avenue, Suite 900
3  Oakland, CA 94612
   Telephone: (510) 439-2950
4  Facsimile: (510) 439-2951
   Email: cmcguinness@mcguinness-legal.com
5          dgettleman@mcguinness-legal.com

6

7  Attorneys for Plaintiff Nicolas Parent

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| NICOLAS PARENT<br><br>   Plaintiff,<br><br>v.<br><br>EAH INC. DBA EAH, ECUMENICAL ASSOCIATION FOR HOUSING AND EAH HOUSING<br><br>   Defendant. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. Violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*<br><br>2. Violation of Section 504 of the Rehabilitation Act<br><br>3. Violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*<br><br>4. Violation of the Unruh Civil Rights Act, Cal. Civil Code §51 *et seq.*<br><br>5. Violation of the Disabled Persons Act, Cal. Civil Code § 54 *et seq.*<br><br>6. Violation of Section 1983 of the Fourteenth Amendment<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

# INTRODUCTION

1. Nicolas Parent ("Nico") is a 30-year-old male with significant disabilities. He moved into Lincoln Avenue Apartments, owned and operated by Defendant, in September of 2019. Lincoln Avenue Apartments is a 6-unit apartment building for low-income developmentally disabled adults.

2. Nico and his most recent roommate at Lincoln Avenue Apartments had a discordant relationship for most of their two years living together. Nico's parents complained to Defendants and urged them, for close to a year, to find a new roommate for Nico.

3. Instead, Defendant served Nico with eviction notices.

4. Nico requested reasonable accommodations, articulating a clear plan to address the disability-related contributing factors that led to behavior outlined in the termination notice. Despite the reasonableness of his request, Defendant has refused to grant it.

5. Defendant has also refused to hold an informal hearing to discuss the facts outlined in the termination notice, which is a federal requirement and violation of Nico's due process rights.

6. Nico brings this action to end Defendant's harmful and unlawful disability discrimination that threatens his housing. He seeks an order that Defendant cease all discriminatory behavior, grant his reasonable accommodation request, rescind the 30-day notice and dismiss the unlawful detainer action that will make him homeless. He also seeks damages for his injuries and reimbursement of his reasonable attorney fees and costs.

# JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 for violations of federal law. This Court has jurisdiction over the pendent state law claims brought under California law pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the real property which is the subject of this action is located in this District and Plaintiff's causes of action arose in this District.

## THE PROPERTY

9. Lincoln Avenue Apartments is a 6-unit, federally funded affordable apartment complex ("the Complex") located in San Rafael, California owned and operated by Defendant EAH Inc. dba EAH, Ecumenical Association for Housing and EAH Housing ("EAH Housing").

10. The Complex operates under HUD's Section 811 Project Rental Assistance Program to provide integrative supportive housing for people with disabilities. Each of the units is funded with project-based section 8 rental assistance.

11. The Complex serves 12 low-income developmentally disabled adults.

12. Each of the residents is a client of the Golden Gate Regional Center (a state funded non-profit required to pay for services for intellectually disabled Californians). The Regional Center pays for the tenants' Supported Living Services, enabling them to live independently at the Complex.

13. The Complex is located at 1351 Lincoln Avenue in San Rafael, California and opened for first occupancy in or around 1997.

## PARTIES

14. Defendant EAH Housing is a housing development and management company incorporated in California. It is one of the largest housing development and management organizations in the Western United States. According to its website, Defendant has developed 109 properties and manages over 12,000 units in California and Hawaii.

15. Defendant is an entity that develops, owns, and/or operates affordable apartment communities, including the Complex. As a professional developer and manager, Defendant is, or should be, well aware of its responsibilities not to discriminate in the provision of housing services at Lincoln Avenue Apartments.

16. Nico Parent has been diagnosed with severe epilepsy, degenerative brain damage, autism spectrum disorder, non-verbal learning disorder, executive functioning deficits, depression and alcohol addiction.

17. At all times herein relevant, Nico Parent has been a person with a "handicap" within the meaning of 42 U.S.C. § 3602 and a person with a disability within the meaning of 29

U.S.C. § 705(9)(B), California Government Code § 12926, California Civil Code § 51 and California Civil Code § 54.1. He has medical conditions that substantially limit major life activities, including executive functioning, processing, thinking, evaluating, processing emotions, walking and standing. He cannot perform these activities in the same manner and duration as a person without a disability.

## THE DISCRIMINATORY BEHAVIOR

Background

18. In July of 2024, Nico's father notified Defendant that Nico's roommate was harassing and bullying Nico regularly and persistently. This included screaming curses, threats to kill him, and loud, disturbing, stomping and banging late at night when Nico was trying to sleep. Nico's father further notified Defendant that Nico's roommate disturbing Nico's sleep had a likelihood of triggering seizures. Defendant has in its files a written statement from Nico's neurologist to that effect. Defendant did not respond to these reports.

19. In September of 2024, Shane Proctor, the resident property manager at the Complex and, on information and belief, an employee of Defendant, notified Nico's father that the roommate was on final warning due to his behavior and that he was working to separate Nico and his roommate within the next 30 days.

20. In January of 2025, Nico's father emailed Shane Proctor several times, notifying him that the roommate continued to curse at and threaten Nico, requesting that they urgently needed to be separated. Shane Proctor said he was working on it.

Denying Reasonable Accommodations

21. Defendant is obligated by HUD regulations to consider reasonable accommodation requests in evaluating whether to terminate someone from Lincoln Avenue Apartments. 24 C.F.R. § 982.552(c)(2)(iv). Marin County Housing Authority, the local HUD office that provides HUD funding to the Lincoln Avenue Apartments, has its own Administrative Plan that expands on the protections outlined in the federal HUD regulations. The Marin County Housing Authority's

1  Administrative Plan states when terminating the tenancy of a person with a disability and a
2  reasonable accommodation is requested, the housing provider "must consider whether any
3  mitigating circumstances can be verified to explain and overcome the problem that led to the
4  [Housing Authority's] decision to deny or terminate assistance. **If a reasonable accommodation**
5  **will allow the family to meet the requirements, the PHA must make the accommodation**."
6  (emphasis added). Marin Housing Authority Administrative Plan for the Housing Choice
7  Voucher Program. Section 2-II.H, p 2-14. Denial or Termination of Assistance. Located at:
8  https://irp.cdn-website.com/4e4dab0f/files/uploaded/MHA_Admin-Plan-Final_-
9  _rev_01.01.25.pdf (last accessed May 12, 2025).

10     22.    On or around March 10, 2025, Nico received a notice to quit his unit at the
11  Complex, identifying three instances of disruptive behavior as violations of the lease: the first was
12  "repeatedly and aggressively banging on the bathroom door" that allegedly took place six months
13  before, the second was disruptive behavior from January 2025 associated with alcohol
14  intoxication, and the third on February 26, 2025 regarding using a fake number to impersonate his
15  roommate's employment coordinator to send text messages.

16     23.    On March 20, 2025, Nico's then-attorney emailed Defense counsel requesting a
17  reasonable accommodation to rescind the notice. She stated the behavior for which the notice was
18  based was disability-related and Nico's mother and father had identified a rehabilitation treatment
19  center that had agreed to take Nico. She informed Defendant that the center provided alcohol
20  rehabilitation and mental health services. It has psychiatrists, psychologists and other specialists
21  on staff to adjust or change Nico's medications to better manage his symptoms. She stated that
22  "given the recent separation of him and his roommate, his planned treatment, there is no basis to
23  believe any incidents like the ones alleged in the Notice would occur in the future."

24     24.    Defense counsel denied this accommodation request and proceeded with eviction.
25  On April 4, 2025, Nico was served with another eviction notice asserting the same reasons for
26  eviction as the notice served on March 10th.

27     25.    On April 28, 2025, Nico's current counsel emailed Defense counsel requesting a
28  date and time to meet to discuss his disability-related accommodations. Defense counsel did not

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                5

1 respond.

2    26. On May 1, 2025, Plaintiff's counsel sent a reasonable accommodation request to defense counsel, reiterating the request that the notice be rescinded because Nico would be attending rehabilitation treatment and receiving medication adjustments, so the behavior that makes up the basis for the termination notice would be ameliorated or eliminated entirely; in addition, his supportive living service provider would provide him a one-to-one aide who would be with him 24/7 and could monitor his behavior.

27. In addition, the request noted the following facts:

> First, it is important to note that Mr. Parent and his former roommate did not have a cordial relationship. The discord exacerbated Mr. Parent's mental health disabilities. Several times his parents, on his behalf, requested a transfer to a different unit as a way to ameliorate this unhealthy relationship. These requests were ignored. Second, each of these articulated instances was informed by Mr. Parent's alcoholism and/or mental health disabilities. Mr. Parent is scheduled to begin in-patient treatment at a mental health and addiction clinic in the coming weeks. During his time at the facility, he will be addressing his addiction to alcohol and also seeking mental health treatment to acquire better tools to handle relational discord like that between Mr. Parent and his former roommate. In addition, he will be working with psychiatrists to adjust his medication to better control his anxiety and other behaviors. Further, Mr. Parent has a one-to-one aide that is paid for by the Regional Center who will be in Mr. Parent's apartment with him 24/7 after he returns

28. Plaintiff's counsel closed the accommodation request by asking Defendant to confer by phone to discuss the request further.

29. Plaintiff's counsel reiterated that request later in the day when Defense counsel responded without substantively addressing the reasonable accommodation request.

30. On May 5, 2025, Plaintiff's counsel again requested a meeting to discuss the terms of Nico's reasonable accommodation request to withdraw the termination notice. She asked for defense counsel's availability in the following two days to speak. Defense counsel did not provide her availability.

31. On March 7, 2025, Plaintiff's counsel again requested defense counsel's availability to have a discussion about the reasonable accommodation request, or in the alternative, requested that defense counsel confirm that Nico's request was denied.

32. Defense counsel again refused to provide a date and time to discuss Nico's request.

33. On May 8, 2025, Defense counsel emailed plaintiff's counsel stating, "I have filed the unlawful detainer."

34. Plaintiff's counsel responded, "I will reiterate my request to have a conversation with you about the reasonable accommodation. The nexus is established given that the behavior for which Mr. Parent is being evicted will be mitigated/eliminated by alcohol treatment, med adjustment and therapy…So again, please advise on a date and time to discuss this further."

35. Defense counsel did not respond.

Refusing to Hold an Informal Hearing

36. HUD regulations require that an informal hearing be offered before terminating the tenancy of a tenant in a HUD-funded unit. HUD Handbook 4350.3 REV-1, CHG-3, ¶ 8-13. This requirement is also reflected in Nico's lease.

37. The informal hearing must be presided over by an impartial hearing officer and cannot be the person who "made or approved the decision under review." 42 U.S.C. 966.53(e).

38. The March 10, 2025, termination notice states that Nico is entitled to request a grievance hearing within 10 days.

39. Nico's former counsel requested a hearing on March 20th.

40. Defense counsel unilaterally scheduled it for March 24th. Nico's former counsel notified her that this date would not work for Nico and his parents and needed to be rescheduled.

41. Defense counsel responded that if former counsel failed to propose a date and time that same week "that will be deemed a waiver" of the hearing.

42. On April 4, 2025, Nico was served with another notice. The only change was the removal of his right to a grievance hearing. The following paragraph was removed in its entirety:

> Based upon the allegations outlined above, you are entitled to a Grievance Hearing and decision in accordance with the Grievance Hearing Procedures incorporated into your lease.

43. In its place was the following paragraph:

> Based upon the allegations outlined above, you are <u>not</u> entitled to a grievance hearing because the allegations set forth above involve an imminent health safety threat to yourself and others.

44. On April 10th, Nico's former counsel reiterated Nico's right to a grievance hearing. She wrote, "Mr. Parent also asserts his right to a Grievance Hearing. The first Notice Mr. Parent received establishes his right to a Grievance Hearing in accordance with Grievance procedures included in his lease. There are no new allegations against Mr. Parent in the new 30-day Notice, and Mr. Parent is no longer living with his roommate and he is with SLS support staff 24 hours per day, 7 days per week. There is therefore no basis to now claim he does not have a right to a Grievance Hearing based on an "imminent health safety threat."

45. Defense counsel's response was simply, "based upon the nature of the allegations, it is our position your client is not entitled to a grievance hearing."

46. On April 17, 2025, well within the 10 days to request a hearing, Nico's former counsel requested a hearing be held on April 25, 2025, so that she had time to review his tenant file received on April 18th.

47. Nico's current counsel was retained on April 23rd. On April 24th, present counsel emailed defense counsel to ask that the hearing set for April 25th be moved to April 27th (from Friday to Monday) because she had engagements, scheduled before she was retained, and was unable to change them to accommodate a hearing in 24 hours.

48. Defense counsel unilaterally refused and instead proceeded with the hearing, serving as the hearing officer herself, without Nico or anyone appearing on his behalf.

49. Defense counsel then issued a meeting summary stating "Your client Nicholas Parent did not appear…EAH will move forward with filing the unlawful detainer action."

50. Nico's current counsel responded to the meeting summary with the following:

> Nico has a constitutionally protected property interest in his unit at Lincoln Avenue Apartments. *Gallman v. Pierce*, 639 F. Supp. 472, 482 (N.D. Cal. 1986). Your refusal to hold a hearing to which he is legally entitled is a violation of due process. *See Gorsuch Homes, Inc. v. Wooten*, 73 Ohio App. 3d 426, 432 (1992) (The due process requirements of the Fourteenth Amendment apply to private landlords who provide Section 8 federally subsidized housing for low-income tenants). In *Gorsuch,* the appellate court

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                                8

determined that the case should have been dismissed at the trial court level "where the evidence showed that the appellee failed to give appellant a conference to discuss the termination prior to filing its eviction action." *Id.* at 433. The Court goes on to state, "The purpose of the requirement of the federal regulations and the lease agreement that a tenant must be afforded an opportunity to meet with the landlord to discuss a proposed termination of tenancy is to attempt to resolve the controversy in a mutually satisfactory manner, that will, if possible, avoid the tenant's loss of subsidized housing while protecting the rights of the landlord." *Id.*

51. Nico's current counsel requested another date to hold the informal meeting. Defense counsel refused.

## INJURIES

52. As a result of Defendant's discriminatory conduct, Plaintiff is at risk of losing his home and becoming homeless. He has suffered emotional distress, including frustration, embarrassment, mental anguish, violation of his civil rights and loss of dignity.

53. In doing the acts of which Plaintiff complains, Defendant acted intentionally and with oppression, malice, and conscious or reckless disregard of Plaintiff's fair housing and due process rights.

54. Plaintiff was harmed and continues to be harmed by the denial of these reasonable accommodation requests in that he remains in fear that he will lose his housing and become homeless. This causes Nico stress and interferes with his efforts to live an independent life and have full and equal use of his home.

55. Unless enjoined, Defendant will continue to engage in the unlawful acts and in the pattern or practice of discrimination described above. Plaintiff has no adequate remedy at law. Plaintiff is now suffering and will continue to suffer irreparable injury unless the Court provides relief. Accordingly, Plaintiff is entitled to injunctive relief.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE FAIR HOUSING ACT
## [42 U.S.C. § 3601 et seq.]

56. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

57. The Lincoln Avenue Apartments is a "covered multifamily dwelling" having four or more units.

58. As a provider of multifamily housing, Defendant is required to grant requests for changes in rules, policies, practices, or services when it may be necessary to afford a handicapped person equal opportunity to use and enjoy the dwelling.

59. Plaintiff Nico Parent is a person with a "handicap" as defined by the Fair Housing Act ("FHA").

60. Defendant has violated the protections afforded to Plaintiff under the FHA by discriminating against him on the basis of disability in failing and refusing to grant Plaintiff's requests for reasonable accommodations in policies, programs and procedures necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling, *i.e.*, a request to rescind the termination notice based on a comprehensive plan to ensure that the behavior on which it was based will not repeat. The behaviors identified are all disability-related. The reasonable accommodations will ameliorate the behaviors, which will place Plaintiff in compliance with the lease rules.

61. Plaintiff has been injured by Defendant's conduct and is an aggrieved person.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT,**
**[29 U.S.C. § 794]**

62. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

63. Defendant is a recipient of federal funding in connection with its ownership, management and operation of Lincoln Avenue Apartments.

64. Plaintiff is a qualified individual with a disability and is qualified to participate in and receive benefits of the federal Project-Based Section 8 rental housing subsidy program through which the Complex is subsidized.

65. Defendant violated Section 504 of the Rehabilitation Act by refusing to provide reasonable accommodations for Plaintiff's disability and/or otherwise failing to operate the Complex in a manner that is readily accessible to and useable by Plaintiff as a qualified individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES        10

with disabilities. Specifically, Defendant has discriminated against Plaintiff on the basis of disability by failing and refusing to grant Plaintiff's requests for reasonable accommodations in policies, programs and procedures necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling, *i.e.*, a request to rescind the termination notice based on a comprehensive plan to ensure that the behavior on which it was based will not repeat. The behaviors identified are all disability-related. The reasonable accommodations will ameliorate the behaviors, which will place Plaintiff in compliance with the lease rules.

66. Plaintiff has been injured by Defendant's conduct and is an aggrieved person.

WHEREFORE, Plaintiff requests relief as outlined below.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### [Cal. Gov't Code § 12955 *et seq*.]

67. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

68. The Complex is a multifamily complex consisting of at least four rental apartment dwelling units and is thus a "covered multifamily dwelling unit" as defined in Cal. Gov't Code § 12955.1.1.

69. The Lincoln Avenue Apartments is a housing accommodation within the definition of Cal. Gov't Code § 12927 in that it is a building, structure, or portion thereof that is occupied as, or intended for occupancy as, a residence by one or more families.

70. Plaintiff Nico Parent is a person with a disability as defined by the Fair Employment and Housing Act ("FEHA").

71. Defendant has violated the protections afforded to Nico under FEHA by discriminating against him on the basis of his disability. Specifically, Defendant has discriminated against Plaintiff on the basis of disability by failing and refusing to grant Plaintiff's requests for reasonable accommodations in policies, programs and procedures necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling, *i.e.*, a request to rescind the termination notice based on a comprehensive plan to ensure that the behavior on which it was

based will not repeat. The behaviors identified are all disability-related.  The reasonable accommodations will ameliorate the behaviors, which will place Plaintiff in compliance with the lease rules.

72. Plaintiff has been injured by Defendant's conduct and is an aggrieved person.

WHEREFORE, Plaintiff requests relief as outlined below.

### FOURTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code § 51 et seq.]

73. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

74. Defendant is a business establishment within the meaning of the Unruh Act in that they own and operate a housing accommodation that provides goods, services and facilities in exchange for money.

75. Plaintiff Nico Parent is a person with a disability within the meaning of the Unruh Act.

76. Defendant has violated the protections afforded to Nico under Unruh by denying him full and equal accommodations, advantages, facilities, privileges, or services in her rental accommodations.  Specifically, Defendant has discriminated against Plaintiff on the basis of disability by failing and refusing to grant Plaintiff's requests for reasonable accommodations in policies, programs and procedures necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling, *i.e.*, a request to rescind the termination notice based on a comprehensive plan to ensure that the behavior on which it was based will not repeat. The behaviors identified are all disability-related.  The reasonable accommodations will ameliorate the behaviors, which will place Plaintiff in compliance with the lease rules.

77. The denial of full and equal enjoyment of Plaintiff's home complained of herein because of Defendant's refusal to grant a reasonable accommodation request is a patent barrier to Plaintiff and is of an obvious and intuitive nature such that failing to grant the request or even engage in a conversation about the request demonstrates intentional discrimination. Defendant is

1  familiar with the requirements of fair housing laws. Defendant intentionally refused to grant the
2  reasonable accommodations in the face of Plaintiff's direct, timely, written and repeated requests
3  to rescind a notice despite a thoughtful, thorough plan to ameliorate any of the behavior on which
4  the notice is based. Defendant denied the reasonable accommodation outright by continuing to
5  file an unlawful detainer and refusing to discuss the terms of the reasonable accommodation,
6  without which, Plaintiff will become homeless.

7  78.  Defendant's intent is also highlighted by its denial of Plaintiff's reasonable
8  accommodation despite the property being funded to provide affordable, integrated housing to
9  extremely low-income individuals with disabilities.

10  79.  Defendant is obligated by HUD regulations to consider reasonable
11  accommodations requests in evaluating whether to terminate someone from Lincoln Avenue
12  Apartments. 24 C.F.R. § 982.552(c)(2)(iv). Marin County Housing Authority, the local HUD
13  office that provides HUD funding to the Lincoln Avenue Apartments, has its own Administrative
14  Plan that expands on the protections outlined in HUD regulations. The Marin County Housing
15  Authority's administrative plan states when terminating the tenancy of a person with a disability
16  and a reasonable accommodation is requested, the housing provider "must consider whether any
17  mitigating circumstances can be verified to explain and overcome the problem that led to the
18  PHA's decision to deny or terminate assistance. If a reasonable accommodation will allow the
19  family to meet the requirements, the PHA must make the accommodation." Marin Housing
20  Authority Administrative Plan for the Housing Choice Voucher Program. Section 2-II.H, p 2-14,
21  *supra*. Defendant's refusal to consider the reasonable request Nico made to preserve his tenancy
22  by rescinding the termination notice, when there are verifiable mitigating circumstances (*e.g.*
23  attending a rehabilitation program to address alcoholism, adjust medication and work on
24  behavioral skills), highlights their intentional discrimination.

25  80.  Plaintiff's damages arise from Defendant's intentional acts and omissions.
26  81.  Plaintiff has been injured by Defendant's conduct and is an aggrieved person.
27  WHEREFORE, Plaintiff requests relief as outlined below.
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   13

## FIFTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA DISABLED PERSONS ACT
[Cal. Civil Code § 54 et seq.]

82. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

83. The Lincoln Avenue Apartments is a housing accommodation within the meaning of the Disabled Persons Act ("DPA").

84. Plaintiff is a person with a disability within the meaning of the DPA.

85. The DPA states in relevant part, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons." Cal. Civ. Code § 54.1(b)(1).

86. Defendant has violated the protections afforded to Nico under the DPA by denying him full and equal access to his housing accommodations. Specifically, Defendant has discriminated against Plaintiff on the basis of disability by failing and refusing to grant Plaintiff's requests for reasonable accommodations in policies, programs and procedures necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling, *i.e.*, a request to rescind the termination notice based on a comprehensive plan to ensure that the behavior on which it was based will not repeat. The behaviors identified are all disability-related. The reasonable accommodations will ameliorate the behaviors, which will place Plaintiff in compliance with the lease rules.

## SIXTH CAUSE OF ACTION
### Violation of 42 USC § 1983

87. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

88. Federal regulations entitle tenants in Project based section 8 funded apartments, like Lincoln Avenue Apartments, procedural protections when facing termination. This includes an informal pretermination hearing. 24 C.F.R. § 982.555(a)(2).

89. It has long been established that the Due Process Clause prevents a public agency from terminating a persons' welfare subsidy without a prior hearing on any factual dispute concerning the grounds for the termination. *See e.g. Matthews v. Eldridge*, 424 U.S. 319 (1976).

90. The pretermination hearing must be presided over by an impartial hearing office. 42 U.S.C. § 966.53(e), *See also Stevenson v. Willis*, 579 F. Supp. 2d 913 920 (N.D. Ohio 2008) (refusing to dismiss Voucher holder's §1983 claim against Housing authority when hearing officer acted as both the advocate and adjudicator).

91. By proceeding to eviction despite refusing to hold an informal hearing, and by failing to provide an impartial hearing officer, but instead use its own attorney, Defendant denied Plaintiff his rights secured by the United States Constitution and federal statutes and regulations. This due process violation includes but is not limited to Plaintiff's right to substantive and procedural due process under the Fourteenth Amendment to the United States Constitution as well as rights secured by the federal HUD Regulations and Administrative Plan governing the Project Based Section 8 Housing Program where Plaintiff resides.

**RELIEF**

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendant:

1. Under the First through Fourth Causes of Action, for an order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To grant Plaintiff's reasonable accommodation request to rescind the termination notice and dismiss the unlawful detainer on which it is based;

   c. To train Defendant's employees and agents on how to accommodate the rights and needs of persons with disabilities;

   d. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with disabilities.

    2.     Plaintiff does not seek injunctive relief under Cal. Civ. Code § 55.

    3.     That the Court retain jurisdiction over Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, as complained of herein no longer occur, and cannot recur;

    4.     Award to Plaintiff all appropriate damages, statutory damages, general damages, treble damages and punitive damages, all according to proof;

    5.     Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal, state, and local law;

    6.     Grant such other and further relief as this Court may deem just and proper.

Dated:  May 13, 2025                          McGUINNESS LAW GROUP, PC

                                          */s/ Deborah Gettleman*
                                     By:   Deborah Gettleman
                                                Attorneys for Plaintiff

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  May 13, 2025                          McGUINNESS LAW GROUP, PC

                                          */s/ Deborah Gettleman*
                                     By:   Deborah Gettleman
                                                Attorneys for Plaintiff