IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS PARENT,<br><br>    Plaintiff,<br><br>    v.<br><br>EAH INC.,<br><br>    Defendant. | Case No. 25-cv-04126-CRB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Nicolas Parent seeks to "enjoin Defendant [EAH Inc.] from continuing eviction proceedings against him." TRO Appl. (dkt. 9) at 1. The Court converted Parent's application for a temporary restraining order to a motion for a preliminary injunction and ordered briefing, specifically asking the parties to address whether the Anti-Injunction Act, 28 U.S.C. § 2283, bars Parent's requested injunctive relief. Order (dkt. 13) at 1–2. With the benefit of the parties' briefing, the Court concludes that the Act applies here and accordingly denies Parent's motion.

The Anti-Injunction Act provides that federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by an Act of Congress, or where necessary in aid of [their] jurisdiction, or to protect or effectuate [their] judgments." 28 U.S.C. § 2283. Here, Parent seeks to enjoin his eviction proceedings. See TRO Appl. at 1, 10.[1] Parent does not contest this, instead arguing that his case "involve[s] due process

---

[1] Though Parent requests relief targeted at EAH, rather than the state courts, the effect of Parent's relief is to enjoin the state-court eviction proceeding. See Haas v. Bellingham Props., LLC, No. 18-cv-9045-SVW, 2019 WL 4266810, at *1, 3 (C.D. Cal. Mar. 11, 2019) (applying the Anti-Injunction Act where the plaintiff sought to enjoin her landlord "from taking any further steps to evict [her] from her home until further ordered by this Court").

claims [and] other causes of action that are strictly within the purview of federal courts." See Reply (dkt. 19) at 2.

To be sure, Parent seeks injunctive relief based on a federal claim—namely, his due process claim, brought under 42 U.S.C. § 1983. See TRO Appl. at 6–8. And § 1983 does fit within the first exception to the Anti-Injunction Act. See Mitchum v. Foster, 407 U.S. 225, 242–43 (1972). It is not apparent, however, that Parent raises a viable § 1983 claim. Although Parent asserts that EAH receives federal funding, Reply at 2, he does not allege facts sufficient to establish that EAH (which is apparently a private company) is a state actor that can be held liable under § 1983. See Compl. (dkt. 1) ¶¶ 9–10, 14–15; see also, e.g., Harris v. Acts Syrene Apartments, No. 22-cv-405-JCS, 2022 WL 767190, at *7 (N.D. Cal. Mar. 13, 2022) ("a claim under Section 1983 may only be asserted against a state actor and, as a general rule, a private landlord is not a state actor"). And while Parent asserts that EAH has violated various HUD regulations, federal courts may not

> ignore the limitations of § 2283 and [] enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear. Rather, when a state proceeding presents a federal issue, even a preemption issue, the proper course is to seek resolution of that issue by the state court.

Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 149–50 (1988); see also Bowman v. Mitchell, No. 10CV-5-M, 2010 WL 1529473, at *2 (W.D. Ky. Apr. 14, 2010) ("The fact that Defendants work for and live in a property that is regulated by HUD is not enough to transform them into state actors."). Parent can raise the alleged HUD violations as a defense in his state-court eviction proceedings. See Sierra v. City of New York, 528 F. Supp. 2d 465, 469 (S.D.N.Y. 2008) (noting that the plaintiff can raise her federal claim "as an affirmative defense to the eviction proceeding").

For the foregoing reasons, Parent's motion for injunctive relief is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 19, 2025



CHARLES R. BREYER
United States District Judge